# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8846 | **DATE** | 3/17/2004 |
| **CASE TITLE** | WALEH SALEH vs. U.S.A. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant United States' Motion for Summary Judgment (doc. #14)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant United States' motion for summary judgment is GRANTED. Enter Memorandum Opinion and Order. All pending dates and motions are terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 19 2004 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| JHC | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WALEH SALEH, Individually and )
Doing Business as A & S Food, )
)
Plaintiff, )
) Case No. 02 C 8846
v. )
) Judge William J. Hibbler
UNITED STATES OF AMERICA )
)
Defendant. )

DOCKETED
MAR 1 9 2004

## MEMORANDUM OPINION AND ORDER

On December 6, 2002, plaintiff, Waleh Saleh, filed a complaint seeking reversal of the final administrative decision of the Food and Nutrition Service of the United States Department of Agriculture (FNS) disqualifying his company, A & S Food (A & S), from participation in the federal Food Stamp Program for illegal food stamp trafficking. Alternatively, Saleh seeks reversal of FNS's final agency decision denying his request for imposition of a Civil Money Penalty (CMP) in lieu of permanent disqualification. The United States filed a motion for summary judgment against Saleh, alleging that there is no material issue of fact that FNS correctly found that A & S had illegally trafficked in food stamp benefits, and that FNS's decision to deny imposition of CMPs in lieu of disqualification was not arbitrary and capricious. Saleh did not file a response to the United States' motion.

II. **Background**

Saleh applied to participate as a retailer in the federal Food Stamp Program in July 1999. As part of Saleh's application to participate, he formally acknowledged in a written statement that

1

exchanging cash or non-food stamp eligible items for food stamps was illegal and could result in permanent disqualification from the Program. He also accepted responsibility to ensure that all A & S employees were properly instructed regarding food stamp regulations.

The FNS reviewed A & S records from March through May 2002 and found almost 400 electronic food stamp benefit transactions (EBTs) ranging from $50 to almost $200 per transaction, even though A & S was a very small store with only a small selection of food stamp-eligible items. On July 3, 2002, the Chicago FNS office notified Saleh of the discovery of unusual or irregular Food Stamp Program activity at his business and charged him with food stamp trafficking violations after concluding that to achieve the March through May results, A & S must have exchanged EBT benefits for cash or non-food stamp items. The notice instructed Saleh to submit within ten days substantial evidence that A & S had an effective policy in place to prevent food stamp trafficking violations if Saleh wished to pay a CMP in lieu of disqualification.

Although Saleh denied trafficking in food stamps and requested a CMP, he never submitted supporting evidence. The only evidence Saleh provided – on July 30, 2002 – was invoices from various suppliers of food and non-food items that Saleh purportedly sold at A & S, but Saleh never submitted copies of cash register receipts or anything else to show what he actually sold at A & S, and Saleh admitted in deposition that he did not know what specific items were sold there. FNS recommended permanent disqualification from A & S's participation in the Food Stamp Program, and on November 8, 2002, the Administrative Review Branch of the FNS affirmed the permanent disqualification recommendation, finding that food stamp-eligible items could not plausibly account for the high volume and high dollar value of A & S EBT transactions from March through May 2002. The reviewing officer rejected Saleh's claimed lack of knowledge of the violations as a

2

defense because Saleh's participation in the Food Stamp Program was conditioned on accepting responsibility for compliance with Food Stamp Program rules and regulations.

## III. Summary Judgment Standard and Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A question of material fact is a question which will be outcome determinative of an issue in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate specific facts showing that there is a genuine [material] issue for trial." *Id.* During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996).

The district court reviews the validity of the FNS's factual determinations *de novo* because the food stamp program administrative review process generally provides for no opportunity for a full evidentiary hearing. *East Food & Liquor, Inc. v. United States*, 50 F.3d 1405, 1411-12 (7th Cir. 1995); 7 U.S.C. § 2023. The FNS's determination is made based on written submissions of evidence without a full due process evidentiary hearing. *East Food*, 50 F.3d at 1411-12. Given a violation, however, the Court will set aside the penalty only if it is arbitrary and capricious, because the penalty

3

is a matter of agency policy. *McGlory v. United States*, 763 F.2d 309, 311-12 (7th Cir. 1985).

IV. **Analysis**

   A. **There Is No Material Issue of Fact That Saleh Violated the Food Stamp Program Rules.**

Retailers participating in the Food Stamp Program must follow the rules and regulations governing the Program, or they may be disqualified from participating. 7 U.S.C. §§ 2018, 2021. Food Stamp Program regulations specifically prohibit the trafficking in food stamp benefits, including the exchange of EBT benefits for cash or non-food items. The United States has met its burden of showing that Saleh has not presented a material issue of fact with regard to the FNS's holding that he violated Food Stamp Program rules. *Celotex*, 477 U.S. at 324. The United States presented fifty material facts, the administrative record of the case, two affidavits and Saleh's deposition transcript, each of which support the United States' claim that FNS properly determined that Saleh exchanged EBT benefits for cash or non-food items. The high number of high-dollar value EBT transactions at A & S was excessively high for such a small store with few food stamp eligible items. As a participating retailer, Saleh agreed that A & S would abide by the Food Stamp Program rules and regulations, including not accepting food stamp or EBT benefits for non-food purchases or in exchange for cash.

Saleh, in contrast, has not gone "beyond the pleadings" or "designate[d] specific facts showing that there is a genuine [material] issue for trial." *Celotex*, 477 U.S. at 324. In fact, Saleh did not provide any evidence or argument in response to the United States' motion for summary judgment. The only evidence this Court has from Saleh are the documents he attached to his complaint. These consist almost entirely of the same evidence presented by the United States: the

4

July 3, 2002 FNS notification letter to Saleh of violations and excessive withdrawals in EBT transactions; a July 12, 2002, letter from Saleh's attorney denying that Saleh trafficked in food stamps and requesting a CMP in lieu of disqualification; a July 30, 2002, letter from Saleh's attorney enclosing invoices for food A & S purchased from vendors; an August 2002 letter from FNS recommending disqualification of A & S from the Food Stamp Program on the basis of the available evidence; a September 4, 2002, letter from Saleh's attorney requesting review of FNS's decision; and the November 8, 2002, letter describing the results of the administrative review. This evidence, taken in the light most favorable to Saleh, does not raise a material issue of fact as to whether Saleh trafficked in food stamp benefits. This evidence does not explain or dispute the high dollar volume of sales, and it does not suggest what food stamp-eligible items might have accounted for the high dollar volume of sales.

### B. The Penalty Imposed by the FNS Was Not Arbitrary and Capricious.

Saleh has provided no evidence that the penalty of disqualification was arbitrary and capricious. The FNS followed its rules and regulations in ordering that Saleh be permanently disqualified from participating in the Food Stamp Program. The regulations state that disqualification "shall be" permanent upon the "first occasion or any subsequent occasion of a disqualification based on the purchase of coupons or trafficking in coupons or authorization cards by a retail food store or wholesale food concern." 7 U.S.C. § 2021 (b)(3)(B). The Secretary has the discretion to impose a CMP in lieu of disqualification if the Secretary determines that there is substantial evidence that the store had an effective policy and program in effect to prevent violations of the regulations. *Id.* Saleh's only "evidence" is his own unsupported claim that he had such a policy in place. Even if Saleh did have such a policy in place, however, the administrative agency

5

still would have had the discretion not to deviate from the mandated penalty of permanent disqualification. *See, e.g., Brooks v. United States*, 64 F.3d 251, 256 (7th Cir. 1995); *Traficanti v. United States*, 227 F.3d 170 (4th Cir. 2000); *Goldstein v. United States*, 9 F.3d 521, 523 (6th Cir. 1993) (FNS properly permanently disqualified retail food store even where store owner received no prior warnings, lacked any intent to violate the anti-trafficking regulations, did not benefit from the trafficking, and had a training program for his employees).

## V. Conclusion

Therefore, the United States' motion for summary judgment is GRANTED.

IT IS SO ORDERED.

_3/17/04_
Dated

The Honorable William J. Hibbler
United States District Court